JEAN KREMIN, PLAINTIFF-RESPONDENT, v. JACK BREHN AND JACK'S BEAUTY PARLOR, JOINTLY, SEVERALLY, OR IN THE ALTERNATIVE, DEFENDANTS-APPELLANTS.

Submitted January 30, 1933—Decided June 29, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the appellants, *John F. Driscoll, Jr.*

For the respondent, *Abraham Lieberman.*

PER CURIAM.

This is the defendants' appeal from a judgment for $250 entered by the trial judge of the District Court of the First Judicial District of the county of Hudson, sitting without a jury, in favor of the plaintiff.

The plaintiff, a young woman twenty-two years of age, sued to recover damages sustained by her as the result of being given a permanent wave in the beauty parlor and hair dressing establishment of the defendants.

In her complaint she charged that the permanent wave was negligently given by the defendants in that the defendants negligently used improper solutions, used improper appliances and did the work in an improper and negligent manner, with the result that her hair was burned and injured and fell out and her scalp was injuriously affected.

The main defense was that the plaintiff assumed the risk in that she insisted that the work be done after being told by the defendant that by reason of her having theretofore bleached her hair, an attempt to give her a permanent wave would be ill-advised and dangerous.

The main questions argued by the defendants are that the trial judge erred in refusing to nonsuit the plaintiff and in refusing to direct a verdict for the defendants. The questions thus raised may conveniently be considered together, since it is well settled that a ruling denying a motion to nonsuit, erroneous at the time it is made, may be cured by subsequent proofs. *McGee* v. *Kraft,* 110 *N. J. L.* 532.

The first question to be considered is whether or not when the case was closed, a jury question was presented as to negligence of the defendants and as to assumption of risk by the plaintiff, which question is argued in the brief.

We believe the case presented a jury question in both aspects.

The plaintiff's testimony tended to show that the plaintiff visited the beauty parlor of the defendant in response to its advertisement; that she told the defendant Jack Brehn (who was the owner and proprietor of the beauty parlor and who personally did the work) that her hair had been bleached by the use of peroxide and that she wished to have a per-

manent wave; that defendant stated to her that since her hair had been bleached it was necessary to use a special solution and that the cost of the permanent wave would be $4; that the plaintiff acquiesced and the work was done with the result that her hair was burned off close to her scalp and her scalp rendered sore; that some of her hair fell off while she was in the beauty parlor, as the defendant said because of too much heat, and almost all of the remainder came off after she had returned to her home; that soon thereafter she revisited the beauty parlor and complained to the defendant, who returned her $4 after having acknowledged that the treatment was wrong; that as a result of her injury she lost time from her employment as a secretary, and was embarrassed and humiliated.

The defendants' testimony, corroborated by two of the assistants, was to the effect that the defendant Jack Brehn advised the plaintiff against the permanent wave in the circumstances, after having ascertained that the plaintiff had been bleaching her hair, but that the plaintiff insisted upon the permanent wave nevertheless and agreed to take the chances, and that thereafter the defendants did the work carefully and skillfully; and as a further defense that, as a matter of fact, the plaintiff had been bleaching her hair with household ammonia, not with peroxide.

But this defense testimony was denied by the plaintiff, who specifically denied that she had used ammonia on her hair or had told the defendants that she had used ammonia on her hair, and she also specifically denied that defendant told her that what he proposed to do and did was ill-advised or dangerous, or not in accordance with proper practice and usage; and she also denied that she had said that she would take the chances.

It seems to us, therefore, that the question of negligence of the defendants and alleged assumptions of risk by the plaintiff were jury questions which it was proper for the judge, sitting without a jury, to decide.

The defendants insist that there was no sufficient evidence of negligent treatment which was the proximate cause of plaintiff's misfortune.

We believe that there was. The evidence was that the heating irons were applied to the plaintiff's head improperly, with the immediate result of the burning of the hair to the extent that it dropped off; and the evidence given by one of the operators in the defendants' beauty parlor, of eight years' experience, was to the effect that it was not only unwise but generally unsuccessful practice to undertake a permanent wave of the kind given, in a case where the hair had been bleached. Under familiar principles we do not undertake on appeal to consider the weight of the evidence.

The only other question argued related to the alleged admission of evidence relating to defendants' advertisement. A sufficient answer is that the question put was not answered, the alleged error is not properly raised as a ground of appeal, and if it had been answered, and had been properly assigned, the result would not have been harmful to the defendants in view of other evidence.

The judgment will be affirmed, with costs.